# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CLIFFORD L. RUCKER,
Plaintiff,

Case No. 1:17-cv-823
Black, J.
Litkovitz, M.J.

vs.

POLICE OFFICER HARDY, et al.,
Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Clifford L. Rucker, proceeding pro se, brings this action against defendants Tom Holman, "The Kroger Company"[1] (Kroger), and Police Officer Daryl Hardy, claiming violations of his rights in connection with an incident that occurred at a Kroger store in November 2017. (Doc. 3). Plaintiff claims that defendants racially discriminated and retaliated against him, denied him customer service, and ordered the police to physically remove him from the Kroger store. This matter is before the Court on: (1) defendant Holman and Kroger's (Kroger defendants) motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief (Doc. 9), and (2) plaintiff's motion to dismiss the complaint without prejudice and with leave to refile a properly amended complaint (Doc. 16), which the Court construes as a response to defendants' motion, and a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a). The Kroger defendants have filed a response to plaintiff's motion. (Doc. 18).

---

[1] Plaintiff has designated the company incorrectly. The correct name of the company is "The Kroger Limited Partnership I." (Doc. 9 at 1).

## I. Allegations of the complaint

Plaintiff makes the following allegations in the complaint: On the evening of November 18, 2017, plaintiff complained to defendant Holman, the Kroger store manager, about the lack of service while he was in the Over-the-Rhine Kroger store in Cincinnati, Ohio. (Doc. 3 at 3-5). Defendant Holman denied plaintiff and another person "customer service and then ordered the police officer to put [them] physically [] out of Kroger's for no justifiable reason at all." (*Id.* at 4). Defendant Holman "instructed Officer Hardy . . . to handle the situation." (*Id.* at 4). Officer Hardy "was one-sided and refused to listen to the customers [sic] side of the situation and began to bully, racially profile, harass, retaliate, coerce, menace, and use demeaning-threatening language and excessive force upon the plaintiff based upon the same denial of customer service if he is not shopping." (*Id.*). Officer Hardy "put his hand on the plaintiff to physically force the plaintiff out of the Kroger's store if he is not shopping." (*Id.*). Plaintiff attempted to explain to Officer Hardy that he was "not allowed to put his hands on" plaintiff because he was not doing anything criminal or wrong. (*Id.*). Officer Hardy "grabbed and pushed or forced" plaintiff out of the Kroger store under the express permission of defendants Holman and Kroger. (*Id.*). Officer Hardy used profanity and repeatedly placed his hands on plaintiff to put him out of the store and threatened to shoot plaintiff with his Taser gun. (*Id.* at 5).

Plaintiff claims that defendants' actions violated his federal constitutional and statutory rights and his rights under the Ohio Constitution. Plaintiff brings the following six claims for relief: (1) while acting under color of law and the Kroger defendants' express authority, "the Defendant . . . individually, discriminated, and retaliated" against plaintiff in violation of 42

U.S.C. § 12203(a)-(c)[2] and his constitutional rights; (2) while acting under color of law, defendants violated plaintiff's due process and equal protection rights under the United States and Ohio Constitutions; (3) while acting under color of law, defendants violated plaintiff's "constitutional right to be free of . . . interference" by subjecting plaintiff to racial profiling, harassment, and illegal seizure; (4) while acting under color of law, defendants failed to prevent a conspiracy between the Kroger manager and CEO and the other state agents/defendants and failed to prevent a discriminatory and retaliatory action under 42 U.S.C. § 12203 and 18 U.S.C. §§ 241, 242[3]; (5) while acting under color of law, defendants subjected plaintiff to a false arrest and unlawful seizure; and (6) while acting under color of law, defendants trespassed upon plaintiff's constitutionally guaranteed rights. Plaintiff asks the Court to "grant such civil penalties, declaratory, injunctive, and other relief" as the Court "deems just and proper to protect the interest and rights of [plaintiff] and the general public against defendant's continued or potential of abuse of their authority." (*Id.* at 12).

## II. Defendants' motion to dismiss the complaint

### 1. Motion to dismiss plaintiff's claims brought under 42 U.S.C. § 1983

Defendants Holman and Kroger move to dismiss plaintiff's § 1983 claims asserted in counts two through six of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Doc. 9). Defendants contend that plaintiff cannot bring claims against them under §

---

[2] Section 12203 protects individuals with disabilities against retaliation and coercion. 42 U.S.C. § 12203.

[3] These statutory provisions pertain to the punishment by fine or imprisonment for the deprivation of certain federal rights, privileges or immunities. Plaintiff does not have a private right of action under either of these criminal statutes. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (finding that "the district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes.").

1983 because they are not state actors and their actions as described in the complaint were not taken under color of state law. (*Id.* at 4).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To prevail on a claim for relief brought under § 1983, a plaintiff must allege: (1) that he

was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Generally, a claim brought against private parties acting in their individual capacities is not actionable under § 1983. *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). However, "[a] private actor acts under color of state law when its conduct is 'fairly attributable to the state.'" *Id.* (quoting *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005)).

Courts employ three tests to determine whether the challenged conduct of a private actor is "fairly attributable to the state": "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Romanski,* 428 F.3d at 636 (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (*en banc*) (citing *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992)). The public function test requires that a private entity "exercise powers which are traditionally reserved to the state, such as holding elections . . . or eminent domain." *Wolotsky,* 960 F.2d at 1335 (internal citations omitted). The state compulsion test is met if a state exercises "such coercive power or provide[s] such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Under the symbiotic relationship or nexus test, a private party's actions constitute state action "when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* (citations omitted).

Plaintiff has failed to state a claim for relief against the Kroger defendants under § 1983. Defendants Holman and Kroger are private actors, and plaintiff has not alleged facts that show

5

their actions are fairly attributable to the state. The public function test is not satisfied because neither Kroger nor Holman was performing a function traditionally reserved to the state. The state compulsion test is not satisfied because there are no facts to suggest the state exercised any overt or covert power over Kroger or Holman. Finally, the symbiotic relationship or nexus test is not satisfied under the facts plaintiff alleges. Private conduct is not automatically converted to state action simply because the private party utilizes public services. *Dressler v. Rice*, -- F. App'x --, 2018 WL 3199385, at *8 (6th Cir. June 28, 2018) (citing *Lansing v. City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000)). "[P]olice assistance in the lawful exercise of self-help," including "solicit[ing] the aid of an available police officer to resolve disputes or eject[] unwanted individuals," does not transform a private party into a state actor. *Id.*, at *7 (citing *Ellison v. Garbarino*, 48 F.3d 192, 197 (6th Cir. 1995)). "A mere request for assistance from an available police officer cannot be sufficient to form a nexus between the state and the private action." *Id.* (quoting *Lansing*, 202 F.3d at 833).

Plaintiff's § 1983 claims are based on allegations that defendants Kroger and Holman enlisted Officer Hardy's assistance in removing plaintiff from the Kroger store. (Doc. 3). Enlisting the police officer's assistance to eject plaintiff from the premises is not sufficient to convert these private parties' conduct into state action. The allegations of the complaint, liberally construed, do not support a finding that defendants Kroger and Holman acted under color of state law by requesting Hardy's assistance in removing plaintiff from the Kroger store. Plaintiff has failed to state a claim for relief against defendants Kroger and Holman under 42 U.S.C. § 1983. Plaintiff's § 1983 claims against the Kroger defendants should be dismissed under Rule 12(b)(6).

Further, plaintiff's motion for leave to amend the complaint (Doc. 16) should be denied as to these claims under Fed. R. Civ. P. 15(a)(2). A pro se plaintiff's civil rights complaint generally should not be dismissed without leave to amend where the defect in the complaint is a pleading deficiency that can be cured by an amendment. *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013). Here, however, plaintiff's § 1983 claims against Holman and Kroger are not plausible because an essential element - action under color of state law - is not satisfied. Amendment of the complaint would not cure the deficiency and would be futile. Plaintiff's § 1983 claims against the Kroger defendants should be dismissed without an opportunity for plaintiff to amend and refile the claims. *See Sefa*, 510 F. App'x at 437 (dismissing the complaint without leave to amend where the pro se plaintiff's civil rights claims were not plausible and an amendment would not cure the defect).

### 2. Motion to dismiss plaintiff's claims for failure to exhaust administrative remedies

The Kroger defendants construe count one of the complaint as a state law claim alleging discrimination in violation of plaintiff's civil rights. (Doc. 9 at 4). They argue that plaintiff must pursue any state law claim against them for violation of his civil rights under Ohio Rev. Code Chapter 4112. (*Id*. at 4-5). They contend that plaintiff's state law claim falls under § 4112.02(G), which makes it unlawful "[f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race . . . , the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation." Ohio Rev. Code. § 4112.02(G). The Kroger defendants argue that this claim must be dismissed for lack of subject matter jurisdiction based on plaintiff's failure to exhaust his administrative remedies under Ohio Rev.

7

Code § 4112.05(B)(1), which states: "Any person may file a charge with the [Ohio Civil Rights] commission (OCRC)] alleging that another person has engaged or is engaging in an unlawful discriminatory practice." (Doc. 9 at 5-7, citing *Woods v. The Ltd.*, CA 6210, 1979 WL 208482, at *2 (Ohio App. 2d Dist. June 26, 1979) (holding that the trial court properly concluded that the plaintiff's remedy for a violation of § 4112.02(G) was under "the statutory provisions of Chapter 4112" and that the trial court properly dismissed the plaintiff's complaint)). The Kroger defendants contend that if plaintiff wants to file suit after he exhausts his administrative remedy, he will proceed in the Ohio Court of Common Pleas.

Plaintiff appears to allege in count one that defendant Hardy, acting under the Kroger defendants' express authority, discriminated and retaliated against plaintiff in violation of §§ 12203(a)-(c)[4] and § 1983. (Doc. 3 at 10). In his response to the motion to dismiss, plaintiff clarifies that he seeks to bring a claim against the Kroger defendants under 42 U.S.C. § 2000a and state law for discrimination in a place of public accommodation. (Doc. 16 at 6-7). Plaintiff seeks leave to file a properly amended complaint because he asserts he "prematurely filed his incomplete complaint before the results from the [OCRC], Citizens Complaint Authority, and Internal affairs investigations were completed." (*Id*. at 6). The Kroger defendants argue in response that in view of plaintiff's acknowledgment that he filed his complaint before these state reviews were complete, count one of the complaint must be dismissed for the reasons stated in their motion to dismiss. (Doc. 18).

Liberally construing the allegations of the complaint in conjunction with plaintiff's request to amend the complaint, plaintiff claims he was discriminated against in a place of public

---

[4] Section 12203 protects individuals with disabilities against retaliation and coercion. 42 U.S.C. § 12203. The statute appears to have no application here because plaintiff does not allege that he is an individual with a disability.

8

accommodation in violation of 42 U.S.C. § 2000a and state law. Under § 2000a, an individual is entitled to "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race. . . ." 42 U.S.C. § 2000a. If the state has a parallel statute that authorizes a state body to grant relief from the discriminatory practice in question, "no civil action may be brought under [§ 2000a] before the expiration of thirty days after written notice of [the alleged discrimination] has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings." 42 U.S.C. § 2000a-3(c). *See also Watson v. Fraternal Or. of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990) (§ 2000a-3(c) "requires that plaintiffs refer their complaint to a state agency for resolution before proceeding in federal court"); *Halton v. Great Clips, Inc.*, 94 F. Supp.2d 856, 861 (N.D. Ohio 2000) (plaintiffs must "first avail themselves of the [Ohio] state administrative remedies before proceeding in federal court" on their claims of discrimination in places of public accommodation); *Jackson v. Murray State U.*, No. 5:11-CV-00024-R, 2012 WL 3644839, at *5 (W.D. Ky. Aug. 24, 2012) (plaintiffs may not bring a civil action under § 2000a-3(a) "before the expiration of thirty days after written notice" has been given to the appropriate state or local authority; stated otherwise, "plaintiffs must first avail themselves of their state administrative remedies before proceeding in federal court.").

The notice requirement of § 2000a-3(c) is not a jurisdictional prerequisite to filing suit. *Brown v. Whole Foods Mkt. Group, Inc.*, 789 F.3d 146, 153 (D.C. Cir. 2015). Thus, failure to

fulfill the requirement does not deprive the court of subject matter jurisdiction over the plaintiff's claim under § 2000a. Moreover, courts have held that exhaustion of administrative remedies is an affirmative defense that generally is not appropriately reviewed on a motion to dismiss under Rule 12(b)(6). *Cf. Hood v. Ford Motor Co.*, No. 11-10649, 2011 WL 3651322, *8 (E.D. Mich. Aug.19, 2011) (addressing exhaustion requirement for ERISA claims); *Aguirre v. Corrections Corp. of Am.*, No. 4:08-CV-2365, 2009 WL 2423702, at *1 (N.D. Ohio Aug. 3, 2009) (addressing exhaustion requirement under the Prison Litigation Reform Act).

It is not clear from the complaint whether plaintiff has exhausted his administrative remedies for his claims alleging discrimination in a place of public accommodation. Plaintiff apparently filed a complaint with the OCRC. Defendants allege in their motion to dismiss that they had recently been notified plaintiff filed a charge with the OCRC (Doc. 9 at 7), and plaintiff indicates in his response that he had filed a complaint with the OCRC (Doc. 16 at 6). The Kroger defendants do not argue that if plaintiff exhausted his administrative remedies, the complaint is nonetheless deficient because it fails to state a plausible claim for relief for discrimination in a place of public accommodation. Therefore, these claims should not be dismissed at this point based on plaintiff's failure to pursue his administrative remedies as required under federal or Ohio law. Plaintiff should be given an opportunity to amend the complaint under Fed. R. Civ. P. 15(a) to set forth the steps he has taken to exhaust his administrative remedies. *See Sefa*, 510 F. App'x at 437.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Defendants Holman and Kroger's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (Doc. 9) be **GRANTED** as to plaintiff's claims brought against these defendants under 42 U.S.C. § 1983 and **DENIED** as to plaintiff's claims brought against defendants Holman and Kroger under 42 U.S.C. § 2000a and Ohio Rev. Code § 4112.02(G).

(2) Plaintiff's motion for leave to amend the complaint (Doc. 16) be **GRANTED** in part and plaintiff be granted leave to amend his claims under 42 U.S.C. § 2000a and Ohio Rev. Code § 4112.05(B)(1) to clarify whether he has exhausted his administrative remedies.

Date: 7/20/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CLIFFORD L. RUCKER,
Plaintiff,

vs.

OFFICER HARDY, et al.,
Defendants.

Case No. 1:17-cv-823

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).